UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PANUPONG PAUL AGRASUTA,<br>    Plaintiff<br><br>v.<br><br>A BETTER WAY WHOLESALE AUTOS, INC.<br>    Defendant | CIVIL ACTION NO.<br><br><br><br><br><br>JANUARY 14, 2019 |

## COMPLAINT

### I. INTRODUCTION

1. This is an action brought by a consumer under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA") and for breach of the implied warranty of merchantability against an automobile dealership that fraudulently and maliciously sold Plaintiff a used motor vehicle that had previously been in a collision and was improperly repaired, leaving it in an unsafe condition. Plaintiff also brings pendent state law claims against the dealership for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42a-110a *et seq.*

### II. PARTIES

2. Panupong Paul Agrasuta ("Plaintiff" or "Agrasuta") is natural person and consumer residing in Framingham, Massachusetts.

3. Defendant A Better Way Wholesale Autos, Inc. ("ABW") is a Connecticut corporation that operates a motor vehicle dealership in Naugatuck, Connecticut.

1

### III.  JURISDICTION

4. This Court has jurisdiction over this action pursuant 15 U.S.C. § 2310(d). Supplemental jurisdiction exists under 28 U.S.C. § 1667 for the pendent state law claims.

5. Jurisdiction in this court is also proper under 28 U.S.C. § 1332, because the amount in controversy, when common law and statutory punitive damages are included, exceeds $75,000.

6. This Court has jurisdiction over ABW because it is organized under the laws of Connecticut and regularly conducts business in this state.

7. Venue is proper in this Court, because the transaction occurred in Connecticut.

### IV.  FACTUAL ALLEGATIONS

8. Prior to October 9, 2018, ABW advertised a 2018 Kia Optima (the "Vehicle") for sale for $14,995.  The advertisement did not disclose that the Vehicle was a former rental.

9. Unbeknownst to Plaintiff, the Vehicle had previously been involved in a prior accident or event and suffered structural damage rendering it unsafe to drive.

10. ABW knew or should have known that the Vehicle had this damage because this damage would have been readily apparent to any automotive professional at ABW performing the safety inspection required by Conn. Gen. Stat. § 14-62(g).

11. Additionally, when repairs had been attempted, the airbag wiring had not been properly performed.

12. Plaintiff was interested in seeing the Vehicle, and he travelled to ABW on or about October 9, 2018.

13. Plaintiff met with ABW salesman, Michael Matos, who told Plaintiff that the Vehicle was a former rental.

14. The Plaintiff asked Matos if the Vehicle had ever been in an accident and Matos told him it had not.

15. Based on ABW's representation that the Vehicle had never been in an accident, Plaintiff agreed to purchase the Vehicle for a cash price of $14,995.

16. Plaintiff traded in a 2006 Ford Freestyle, for which ABW agreed to give Plaintiff a $150.00 allowance towards the purchase of the Vehicle.

17. Plaintiff paid the balance of the total cash price of $15,791 to ABW.

18. ABW's salesman, Mike, told Plaintiff that he could not drive the Vehicle in Massachusetts with temporary license plates, and instead, Mike moved the license plates from Plaintiff's trade-in vehicle to the Vehicle even though the Vehicle was not registered, and Mike assured Plaintiff it was okay to drive the Vehicle with those plates.

19. Plaintiff brought the Vehicle to a Kia dealership in Massachusetts on or about October 11, 2018 for the mandatory safety inspection and learned of the prior damage.

20. Plaintiff contacted ABW on or about October 12, 2018 and spoke with Mike and requested a refund, but Mike told him ABW does not accept returns.

21. Plaintiff also spoke with ABW's service manager, Cam, on October 12, 2018, and Cam told Plaintiff he could bring the Vehicle in for service but he was not sure if the problem could be fixed.

22. Plaintiff asked Cam if ABW would take the Vehicle back, and Cam said it is ABW's policy to not accept returns.

23. Concerned, Plaintiff brought the Vehicle to an independent auto body expert and learned of the aforementioned structural damage.

24. The independent auto body expert opined that the Vehicle had been involved in an event that caused structural damage and that the Vehicle had an inoperative air bag system and is unsafe to drive. The expert further opined that the Vehicle was unsafe to drive and not in merchantable condition on the date of purchase by Plaintiff, and that any automotive professional performing a simple visual inspection of the Vehicle would clearly see the Vehicle has visual structural damage and a defective Supplemental Restraint System/air bag.

25. Plaintiff has attempted to have the Vehicle repaired, but no body shop or Kia dealership is willing to work on the Vehicle due to the wiring problems.

26. The amount in controversy in this action, including statutory punitive damages and common law punitive damages, exceeds $75,000.

## V.   CAUSES OF ACTION

**COUNT ONE: BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

27. ABW is a "merchant" as that term is defined in Conn. Gen. Stat. § 42a-2-104.

28. The Vehicle constitutes "goods" as that term is defined in Conn. Gen. Stat. § 42a-2-105.

29. The Vehicle is a consumer product as that term is defined in § 2301(1) of the MMWA.

30. A warranty that the Vehicle was in merchantable condition at the time of sale was implied in the Contract by operation of Conn. Gen. Stat. § 42a-2-314.

31. ABW breached the implied warranty of merchantability because the Vehicle was not in merchantable condition at the time of sale to Plaintiff. Specifically, the Vehicle had structural damage that rendered the Vehicle unsafe to drive.

32. ABW's breach of the implied warranty of merchantability was tortious in nature, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to Plaintiff's interest and the injury that he sustained, entitling him to claim common law punitive damages.

33. For ABW's breach of the implied warranty of merchantability, Plaintiff is entitled to actual damages, a refund of the amounts he has paid, plus attorney's fees and costs under the MMWA, 15 U.S.C. § 2310(d).

34. Plaintiff also seeks equitable relief pursuant to MMWA in the form of an order requiring ABW to repurchase the Vehicle.

**COUNT TWO – CONNECTICUT UNFAIR TRADE PRACTICES ACT**

35. ABW violated the Connecticut Unfair Trade Practices Act ("CUTPA") by engaging in unfair and deceptive acts, as alleged above.

36. ABW violated CUTPA in the following ways:

   a. It sold Plaintiff an unsafe vehicle and it mispresented its condition;

   b. It falsely told Plaintiff that the Vehicle had never been in an accident;

    c. It failed to perform a safety inspection on the Vehicle as required by Conn. Gen. Stat. § 14-62(g) or, if it did perform a safety inspection, it sold the Vehicle notwithstanding the defects and failed to disclose those on the CT DMV K-208 form as required by Conn. Gen. Stat. § 14-62(g), a *per se* violation of CUTPA pursuant to Conn Gen. Stat. § 42-110b-28(b)(23); and

    d. It falsely told Plaintiff that he could drive the Vehicle with the license plates from his trade-in Vehicle, and it failed to register the Vehicle to Plaintiff despite charging him a conveyance fee pursuant to which it agreed to handle registration.

    e. It advertised the Vehicle without disclosing its rental history.

37. As a result of the aforesaid conduct Plaintiff has suffered an ascertainable loss of money and property in the form of a Vehicle that cannot be driven and consequential damages for the inspection of the Vehicle.

38. Plaintiff is entitled to recover his actual damages plus, in the Court's discretion, costs, attorney's fees, and punitive damages, pursuant to Conn. Gen. Stat. § 42-110g.

39. Plaintiff also seeks equitable relief under CUTPA in the form of an order requiring ABW to repurchase the Vehicle.

WHEREFORE, Plaintiff claims actual damages of approximately $15,791, punitive damages of more than $60,000, common law punitive damages, consequential damages of approximately $2,000, costs, reasonable attorney's fees, and such other relief to which the Plaintiff is, at law, or in equity and by statute, entitled to against defendants. Plaintiff further seeks an order requiring ABW to repurchase the Vehicle.

PLAINTIFF, PANUPONG PAUL AGRASUTA

By: _____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel.  (860) 571-0408
Fax. (860) 571-7457